UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAKE GEORGE, JOYCE FERFECKI, MIGUEL ORTIZ, STAURT JOLLY, and LASZLO VAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 2:20-cv-17561<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>**

Stephen A. Loney, Jr.
Jessica K. Jacobs
HOGAN LOVELLS US LLP
1735 Market Street Floor 23
Philadelphia, PA 19103
Telephone: (267) 675-4677
Facsimile: (267) 675-4601
stephen.loney@hoganlovells.com
jessica.jacobs@hoganlovells.com

Michael L. Kidney (admitted *pro hac vice*)
James W. Clayton (admitted pro *hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone: (202) 637-5883
Facsimile: (202) 637-5910
michael.kidney@hoganlovells.com
james.clayton@hoganlovells.com

*Attorneys for Defendant Jaguar Land Rover North America, LLC*

# **TABLE OF CONTENTS**

**Page(s)**

I. PLAINTIFFS FAIL TO SUFFICIENTLY PLEAD THEIR CONSUMER PROTECTION CLAIMS. ...................................................................................................1

    A. Plaintiffs' Omission Claims Fail Because They Do Not Adequately Allege JLRNA Knew of the Supposed Defect. ........................................................1

    B. George's Consumer Protection Claim Is Barred By the MCPA Exemption. ................................................................................................................4

II. JLRNA'S CONFLICT-OF-LAWS ARGUMENT IS PROPERLY PRESENTED.............4

III. PLAINTIFFS DO NOT STATE AN EXPRESS WARRANTY CLAIM. ..........................5

    A. The Alleged Defect Is Not Covered by the Limited Warranty. ...............................5

    B. Plaintiffs Fail to Allege a Breach of the Limited Warranty's Terms.......................5

IV. PLAINTIFFS' IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED. ................7

    A. Several Plaintiffs' Implied Warranty Claims Fail for Lack of Privity......................................................................................................................7

    B. Plaintiffs Fail to State a Breach of Implied Warranty Claim..................................7

V. THE MAGNUSON-MOSS WARRANTY ACT ("MMWA") CLAIM ALSO FAILS. .................................................................................................................................9

VI. THE UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW. ..................10

VII. THE GOOD FAITH CLAIM SHOULD BE DISMISSED. .............................................11

CONCLUSION..............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amato v. Subaru of Am., Inc.*,
  No. CV 18-16118, 2019 WL 6607148 (D.N.J. Dec. 5, 2019) ...................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................1

*Banh v. Am. Honda Motor Co., Inc.*,
  No. 19-CV-05984, 2019 WL 8683361 (C.D. Cal. Dec. 17, 2019) .......................................2, 3

*Brothers v. Hewlett-Packard Co.*,
  No. C-06-02254, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ................................................6

*Chatlos Sys., Inc. v. Nat'l Cash Reg. Corp.*,
  635 F.2d 1081 (3d Cir. 1980)................................................................................................5, 6

*Cummings v. FCA US LLC*,
  401 F. Supp. 3d 288 (N.D.N.Y. 2019) .....................................................................................7

*Cyr v. Ford Motor Co.*,
  No. 345751, 2019 WL 7206100 (Mich. Ct. App. Dec. 26, 2019) ............................................4

*Dimartino v. BMW of N. Am., LLC*,
  No. 15-8447 (WJM), 2016 WL 4260788 (D.N.J. Aug. 11, 2016) (Martini, J.) ................10, 11

*Feldman v. Mercedes-Benz USA, LLC*,
  No. 11-CV-00984, 2012 WL 6596830 (D.N.J. Dec. 18, 2012) (Martini, J.)............................4

*Granillo v. FCA US LLC*,
  No. CV 16-153, 2016 WL 9405772 (D.N.J. Aug. 29, 2016).....................................................3

*Gray v. BMW of N. Am., LLC*,
  22 F. Supp. 3d 373 (D.N.J. 2014) (Martini, J.)........................................................................1

*Greene v. BMW of N. Am.* (*"Greene I"*),
  No. CIV. 11-04220, 2012 WL 5986461 (D.N.J. Nov. 28, 2012) (Martini, J.) ....................7, 8

*Greene v. BMW of N. Am.* (*"Greene II"*),
  No. CIV. 11-04220 WJM, 2013 WL 5287314 (D.N.J. Sept. 17, 2013)
  (Martini, J.) ..........................................................................................................................8, 11

*Greene v. BMW of N. Am.* (*"Greene III"*),
  No. CIV. 11-04220 WJM, 2014 WL 47940 (D.N.J. Jan. 7, 2014) (Martini, J.).......................1

*Gregorio v. Ford Motor Co.*,
  No. 20-11310, 2021 WL 778913 (E.D. Mich. Mar. 1, 2021) ...................................................4

*Helpling v. Rheem Mfg. Co.*,
  No. 15-CV-2247, 2016 WL 1222264 (N.D. Ga. Mar. 23, 2016) .............................................6

*Hughes v. Panasonic Consumer Elecs. Co.*,
  No. CIV.A. 10-846, 2011 WL 2976839 (D.N.J. July 21, 2011)...............................................5

*Kennedy v. Samsung Elecs. Am., Inc.*,
  No. 14-4987, 2015 WL 2093938 (D.N.J. May 5, 2015) (Martini, J.)...................................2, 3

*McQueen v. BMW of N. Am. LLC*,
  No. CIV.A. 12-06674 SRC, 2014 WL 656619 (D.N.J. Feb. 20, 2014)....................................2

*Merkin v. Honda N. Am., Inc.*,
  No. 17-cv-03625 (PGS) (DEA), 2017 WL 5309623 (D.N.J. Nov. 13, 2017) ..........................8

*Morgan v. Dick's Sporting Goods, Inc.*,
  359 F. Supp. 3d 1283 (N.D. Ga. 2019) ....................................................................................7

*Morris v. BMW of N. Am. LLC*,
  No. CV 16-2765 (JLL), 2017 WL 1902160 (D.N.J. May 8, 2017) ..........................................6

*In re MyFord Touch Consumer Litig.*,
  46 F. Supp. 3d 936 (N.D. Cal. 2014) ...................................................................................2, 3

*Parrish v. Volkswagen Grp. of Am., Inc.*,
  463 F. Supp. 3d 1043 (C.D. Cal. 2020) ...................................................................................2

*Pelayo v. Hyundai Motor Am., Inc.*,
  No. 20-cv-01503, 2021 WL 1808628 (C.D. Cal. May 5, 2021).........................................2, 3

*Pontrelli v. MonaVie, Inc.*,
  No. 13-CV-4649, 2014 WL 4105417 (D.N.J. Aug. 19, 2014) (Martini, J.). ..........................10

*Premier Pork L.L.C. v. Westin, Inc.*,
  No. CIV.A. 07-1661, 2008 WL 724352 (D.N.J. Mar. 17, 2008).............................................11

*Rasnic v. FCA US LLC*,
  No. CV 17-2064-KHV, 2017 WL 6406880 (D. Kan. Dec. 15, 2017) ......................................8

*Schechter v. Hyundai Motor Am.* (*"Schechter I"*),
  No. CV 18-13634 (FLW), 2019 WL 3416902 (D.N.J. July 29, 2019)...............................9, 10

*Schechter v. Hyundai Motor Am* (*"Schechter II"*),
  No. CV 18-13634 (FLW), 2020 WL 1528038 (D.N.J. Mar. 31, 2020)...................................9

*Smith v. Globe Life Ins. Co.*,
   597 N.W.2d 28 (Mich. 1999) ........................................................................................... 4

*Spera v. Samsung Elecs. Am., Inc.*,
   No. 12-CV-05412, 2014 WL 1334256 (D.N.J. Apr. 2, 2014) (Martini, J.) ............... 2, 3, 10, 11

*In re Volkswagen Timing Chain Prod. Liab. Litig*
   No. CV 16-2765 (JLL), 2017 WL 1902160 (D.N.J. May 8, 2017) ..................................... 8, 9

*Webb v. Volvo Cars of N. Am., LLC*,
   No. CV 13-2394, 2018 WL 1470470 (E.D. Pa. Mar. 26, 2018) .............................................. 10

*Weske v. Samsung Elecs., Am., Inc.* (*"Weske I"*),
   934 F. Supp. 2d 698 (D.N.J. 2013) (Martini, J.) ..................................................................... 3

*Weske v. Samsung Elecs., Am., Inc.* (*"Weske II"*),
   42 F. Supp. 3d 599 (D.N.J. 2014) (Martini, J.) ....................................................................... 1

*Williams v. FCA US LLC*,
   No. 17-CV-00844, 2018 WL 3973075 (W.D. Mo. Apr. 16, 2018) .......................................... 8

*Zabriskie Chevrolet, Inc. v. Smith*,
   99 N.J. Super. 441 (Law. Div. 1968) ...................................................................................... 9

**Statutes**

15 U.S.C. 2310(a)(3) ........................................................................................................... 10

15 U.S.C. 2310(d)(1) ........................................................................................................... 10

Defendant Jaguar Land Rover North America, LLC ("JLRNA") respectfully submits this reply brief in support of its motion to dismiss ("Mot.") the First Amended Complaint ("FAC").

## I. PLAINTIFFS FAIL TO SUFFICIENTLY PLEAD THEIR CONSUMER PROTECTION CLAIMS.

### A. Plaintiffs' Omission Claims Fail Because They Do Not Adequately Allege JLRNA Knew of the Supposed Defect.

Plaintiffs do not adequately allege the element of knowledge for their omissions-based consumer protection claims.[1]  While this element "may be alleged generally," Opp. at 3, courts still require plausible allegations of knowledge, Mot. at 11 (collecting cases).  This makes sense.  Rule 8's purpose is not only to allow a responsive pleading to be filed; it also ensures that "the doors of discovery" are not unlocked "for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (internal quotations and citation omitted).

And the context of the case matters.  While general allegations of warranty repairs and testing may be sufficient in some cases, they are not here.  Opp. at 3-5.  *Gray v. BMW of N. Am., LLC*, for example, involved a discrete alleged defect that "interfere[d] with the proper opening" of the tops in one series of convertibles.  22 F. Supp. 3d 373, 377 (D.N.J. 2014); *see also Weske v. Samsung Elecs., Am., Inc.* ("*Weske II*"), 42 F. Supp. 3d 599, 604-05 (D.N.J. 2014) (addressing theory that one refrigerator brand "stopped cooling because of a circuit board defect"); *Greene v. BMW of N. Am.* ("*Greene III*"), No. CIV. 11-04220, 2014 WL 47940, at *2 (D.N.J. Jan. 7, 2014) (addressing theory involving one tire model that had to be replaced after going flat).  Here, by contrast, Plaintiffs allege the existence of a supposed defect that purportedly (1) exists in two different Infotainment systems (one of which no Plaintiff owns), (2) causes a variety of disparate symptoms, and (3) affects nearly every make and model of two vehicle brands (Land Rover and

---

[1] Plaintiffs do not contest that they fail to state a misrepresentation claim.  Opp. at 2.

1

Jaguar).  FAC ¶¶ 3, 5, 56, 135.  When faced with such a sweeping theory, this Court insists on specific, factual allegations before unlocking the doors to discovery.  *See*, *e.g.*, *Spera v. Samsung Elecs. Am., Inc.,* No. 12-CV-05412, 2014 WL 1334256, at *7 (D.N.J. Apr. 2, 2014) (Martini, J.) (plaintiffs "lack specific facts supporting Samsung's knowledge of the alleged defect"); *McQueen v. BMW of N. Am.*, LLC, No. CIV.A. 12-06674 SRC, 2014 WL 656619, at *4 (D.N.J. Feb. 20, 2014) (rejecting as conclusory allegations about "customer complaints" and "demands for repairs" without details of "those complaints or demands").

      None of Plaintiffs' allegations rise to the requisite level of specificity, either individually or collectively.  For example, Plaintiffs now acknowledge that the Technical Service Bulletins ("TSBs") all address a *different* Infotainment system than the one in Plaintiffs' vehicles.  Opp. at 9.  Plaintiffs propose to disregard this distinction based on the alleged similarity of the two systems.  *Id.*  Yet, this inference is implausible and based on pure aesthetics.  What something "looks" like from the outside says nothing about the similarity under the surface of any allegedly defective components or the software coding contained in the two systems.  *Id.* at 10; Mot. at 14-15.  Plaintiffs' case does not suggest otherwise as it is distinguishable on multiple grounds.  In *Parrish v. Volkswagen Grp. of Am., Inc.*, both vehicle models at issue had the same type of transmission, and some plaintiffs owned the model addressed by defendant's publication.  463 F. Supp. 3d 1043, 1048, 1051, 1056-58 (C.D. Cal. 2020).  Here, the absence of *any* TSBs addressing the Infotainment systems in *any* Plaintiff's vehicle means that the only plausible inference is that JLRNA did not know about an alleged defect responsible for Plaintiffs' disparate symptoms.[2]  *See Pelayo v. Hyundai Motor Am., Inc.*, No. 20-cv-01503, 2021 WL

---

[2] Similarly, the other supposedly-analogous cases Plaintiffs cite are distinguishable as they offer more allegations of the defendant's knowledge.  In one, plaintiffs identified TSBs involving the allegedly defective systems themselves.  *See In re MyFord Touch Consumer Litig.*, 46 F. Supp.

2

1808628, at *4-5 (C.D. Cal. May 5, 2021) ("generalized and disparate symptoms fail to put Defendants on notice of any specific defect").[3]

Plaintiffs also concede that the mere existence of consumer complaints submitted to third parties does not satisfy their obligation to plead knowledge, Opp. at 5, but they argue that two or three examples that JLRNA supposedly was aware of should suffice, *id.* at 7. But this Court has found that "[a]wareness of a few customer complaints . . . does not establish knowledge of an alleged defect." *Weske v. Samsung Elecs., Am., Inc.* ("*Weske I*"), 934 F. Supp. 2d 698, 703 (D.N.J. 2013) (Martini, J.) (internal quotations and citation omitted). That finding is all the more applicable here given the breadth of Plaintiffs' theory. Mot. at 18-19 (collecting cases finding insufficient larger numbers of complaints than Plaintiffs allege). Plaintiffs also fail to plead a connection between those complaints and the Infotainment system in their vehicles. Mot. at 17-18.[4] The absence of such a connection highlights the deficiency of Plaintiffs' conclusory allegation of an "unusually high" number of complaints to NHTSA. Opp. at 8; *see also Spera*, 2014 WL 1334256, at *7 (insufficient to allege an "avalanche of consumer complaints"). None of those complaints states that it involved the same Infotainment system at issue here. Mot. at 17. The Opposition offers no response; the omission claims should be dismissed.

---

3d 936, 958 (N.D. Cal. 2014); *see also Kennedy v. Samsung Elecs. Am., Inc.*, No. 14-4987, 2015 WL 2093938, at *3 (D.N.J. May 5, 2015) (knowledge adequately alleged based on bulletin addressing the supposedly defective pump at issue). And in *Banh v. Am. Honda Motor Co., Inc.*, defendant's employee "publicly acknowledged" certain problems with the one vehicle model at issue. No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361, at *7 (C.D. Cal. Dec. 17, 2019).

[3] Plaintiffs suggest that this argument is simply JLRNA's "spin" on their allegations, Opp. at 10, but determining which inferences are plausible is appropriate at this stage, and a court in this District reached a similar inference in analogous circumstances. *See Granillo v. FCA US LLC*, No. CV 16-153, 2016 WL 9405772, at *9 (D.N.J. Aug. 29, 2016) (inferring that the supposed "[d]efect originates from a different issue than the glitches" addressed by the TSBs).

[4] Plaintiffs misunderstand JLRNA's argument about complaints as not applying to Ortiz. Opp. at 7. It does. Mot. at 18.

3

      **B.**    <u>**George's Consumer Protection Claim Is Barred By the MCPA Exemption**</u>.

      Plaintiffs are incorrect that the most recent Michigan authority supports their position: "Based on the Michigan Court of Appeals' current interpretation of the" Michigan Consumer Protection Act ("MCPA"), "and that of courts in this District[,]" a manufacturer's "motor vehicle sales to Plaintiffs [are] exempt from the MCPA." *Gregorio v. Ford Motor Co.*, No. 20-11310, 2021 WL 778913, at *4-5 (E.D. Mich. Mar. 1, 2021). Plaintiffs' case law does not support a different result because, there, the defendants did not identify the laws authorizing their alleged conduct. Opp. at 11. By contrast, JLRNA cited both a statute and multiple decisions, which also discussed statutes, all of which authorize the "manufacture, sale, and lease of automobiles, and the provision of express and implied warranties . . . ." *Cyr v. Ford Motor Co.*, No. 345751, 2019 WL 7206100, at *2 (Mich. Ct. App. Dec. 26, 2019); Mot. at 19. And a practice of interpreting the MCPA broadly where it applies does not overrule a statutory exemption, especially a "broad" one. *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999). This claim is barred.

**II.**    <u>**JLRNA'S CONFLICT-OF-LAWS ARGUMENT IS PROPERLY PRESENTED**</u>.

      Rather than contesting JLRNA's choice-of-law analysis, Mot. at 19-22, Plaintiffs profess ignorance as to which claims are implicated. Opp. at 11-12. JLRNA's analysis applies to Plaintiffs' claims other than their consumer protection claims—namely, the express and implied warranty, unjust enrichment, and good faith and fair dealing claims. And this Court has made clear that each of these claims sounds in contract for choice-of-law purposes and is thus "governed [by] Section 188 of the Restatement (Second) of Conflicts of Law." *Feldman v. Mercedes-Benz USA, LLC*, No. 11-CV-00984, 2012 WL 6596830, at *7 (D.N.J. Dec. 18, 2012) (Martini, J.). Nor is JLRNA seeking an advisory opinion. JLRNA identified a determinative conflict as to whether privity is required for Plaintiffs' implied warranty claims. Mot. at 20, 28. Plaintiffs do not dispute the existence of a privity requirement under Florida, Georgia, and New

4

York law, but argue that they qualify for exceptions. Opp. at 17-19; *see also id.* at 27 (arguing that there is also a conflict on Plaintiffs' unjust enrichment claims). But, as discussed *infra* at Section IV(A), Plaintiffs do not adequately allege that they qualify for these exceptions. Thus, the laws of the state where each Plaintiff purchased or leased a vehicle should apply.

### III. PLAINTIFFS DO NOT STATE AN EXPRESS WARRANTY CLAIM.

#### A. The Alleged Defect Is Not Covered by the Limited Warranty.

In response to JLRNA's argument that the Limited Warranty does not cover design defects—like the one alleged—Plaintiffs contend that courts *always* defer ruling on this issue until after discovery. Opp. at 12-14. Not so. While some allegations may warrant discovery on whether a malfunction is a design or manufacturing defect, those in the First Amended Complaint do not. Plaintiffs allege a supposed defect that (1) is "inherent in the design" of 14 different Jaguar and Land Rover models and two different Infotainment Systems, FAC ¶ 56, and (2) was not resolved by the free software updates Plaintiffs received. On similar allegations, courts in this District have found that the plaintiffs failed to adequately allege a warrantable manufacturing defect. *See Hughes v. Panasonic Consumer Elecs. Co.,* No. CIV.A. 10-846, 2011 WL 2976839, at *19 (D.N.J. July 21, 2011) (insufficient allegations that a software defect was a warrantable condition); *Amato v. Subaru of Am., Inc.,* No. CV 18-16118, 2019 WL 6607148, at *6 (D.N.J. Dec. 5, 2019) (dismissing claim of a "flaw in the overall intended construction (a design decision)"); Mot. at 22-25. Because design defects are not covered and that is all Plaintiffs adequately allege (if anything), the express warranty claim should be dismissed.

#### B. Plaintiffs Fail to Allege a Breach of the Limited Warranty's Terms.

JLRNA complied with the Limited Warranty's terms by providing Plaintiffs with free software updates, vehicle service, and a replacement Infotainment system. Mot. at 25. Unable to dispute this, Plaintiffs first argue that a warranty's repair remedy can fail of its essential purpose

5

if there is unreasonable "delay" in the provision of that remedy. Opp. at 15 (citing *Chatlos Sys., Inc. v. Nat'l Cash Reg. Corp.*, 635 F.2d 1081, 1085-86 (3d Cir. 1980) (explaining that defendant promised that the "system would be up and running" by a fixed date)). Yet, Plaintiffs do not plausibly allege any similar promise to that in *Chatlos* or any unreasonable delay. There is not even an allegation that dealers failed to perform repairs on the date requested.

Nor do Plaintiffs even adequately allege numerous repair attempts to address the same concern. Mot. at 26-27. While some Plaintiffs (but not George) assert that they brought their vehicles to dealers for repairs on "multiple" occasions, they do not plead that those repairs related to the same concern. The argument that they need not do so, Opp. at 15-16, is incorrect, *see Helpling v. Rheem Mfg. Co.*, No. 15-CV-2247, 2016 WL 1222264, at *7-8 (N.D. Ga. Mar. 23, 2016) (dismissing claim and rejecting failure of essential purpose argument where plaintiffs did "not plead any factual details regarding the purported underperformance" of the product after a repair attempt). Plaintiffs' one case does not suggest otherwise. Opp. at 17. There, the alleged problems were limited to only the "Navigation System" in the vehicles. *Morris BMW of N. Am., LLC*, No. 13-4980 (JLL), 2014 WL 793550, at *1, *10-11 (D.N.J. Feb. 26, 2014). Here, by contrast, Plaintiffs complain of unspecified problems or of intermittent, seemingly-unrelated issues with various aspects of their Infotainment systems. FAC ¶¶ 3 (issues with handsfree calling and HVAC), 12 (screen freezing), 21 (unspecified "problems"), 25 (stereo malfunctioning). These allegations do not even support a plausible inference that dealers attempted multiple repairs to address the same concern. In short, Plaintiffs received free repairs to address different concerns, which "is exactly what the Limited Warranty provides." *Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007).

6

## IV. PLAINTIFFS' IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED.

### A. Several Plaintiffs' Implied Warranty Claims Fail for Lack of Privity.

In response to JLRNA's argument that Ortiz's, Jolly's, and Vas' implied warranty claims should be dismissed for lack of privity, Plaintiffs argue that dealers supposedly are JLRNA's agents. Opp. at 17-19. But even if an agency relationship were sufficient to establish privity, Plaintiffs do not plausibly allege that such a relationship exists. To be sure, Plaintiffs cite their conclusory and overbroad allegation that *all* dealers are JLRNA's agents. *Id.* at 18 (citing FAC ¶ 37). But they fail to respond to JLRNA's (1) explanation of the default rule—which is that automobile dealers are *not* manufacturers' agents—and (2) analysis of why Plaintiffs' allegations do not provide a plausible basis for departing from that rule with respect to any dealer. Mot. at 9-11; *see also Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 310 (N.D.N.Y. 2019) ("no factual allegations plausibly suggesting that the specific dealership from which she purchased her vehicle was Defendant's agent" as opposed to mere "authorized dealer").

Georgia law also recognizes an exception to the requirement of privity where a remote "manufacturer extends an *express* warranty to the ultimate consumer[.]" *Morgan v. Dick's Sporting Goods, Inc.*, 359 F. Supp. 3d 1283, 1292 (N.D. Ga. 2019) (citation omitted). But while some courts have extended this exception to implied warranty claims, it should not be. *Id.* (dismissing implied warranty claim for lack of privity). By voluntarily offering express warranty coverage, the warrantor should not expose itself to implied obligations that would not otherwise exist. Ortiz's, Jolly's, and Vas' implied warranty claims should be dismissed for lack of privity.

### B. Plaintiffs Fail to State a Breach of Implied Warranty Claim.

The parties agree with this Court that an implied "warranty is satisfied when the vehicle provides safe and reliable transportation." *Greene v. BMW of N. Am.* ("*Greene I*"), No. CIV. 11-04220, 2012 WL 5986461, at *6 (D.N.J. Nov. 28, 2012) (Martini, J.); Mot. at 28; Opp at 19.

7

But, as this Court recognized, a safety concern that is merely possible is insufficient. *Greene I*, 2012 WL 5986461, at *6 (finding implausible claim that tires at issue were "dangerous"). A later version of the claim in *Greene* survived only after the plaintiff added new allegations that the tires "suffer catastrophic failure after mere months of use[.]" *Greene v. BMW of N. Am.* ("*Greene II*"), No. CIV. 11-04220, 2013 WL 5287314, at *3 (D.N.J. Sept. 17, 2013). There are no similar allegations here. Nor are there any allegations that any Plaintiff experienced an actual (rather than possible) safety issue by becoming distracted or uncomfortably hot while driving. *Contrast Williams v. FCA US LLC*, No. 17-CV-00844, 2018 WL 3973075, at *6 n.6 (W.D. Mo. Apr. 16, 2018) (rejecting conclusory allegations of a safety defect affecting vehicles' heating), *with Rasnic v. FCA US LLC*, No. CV 17-2064-KHV, 2017 WL 6406880, at *5 (D. Kan. Dec. 15, 2017) (noting that plaintiffs alleged "that the flashing touchscreen" distracted them).[5]

Moreover, Plaintiffs do not plausibly allege that a significant reliability concern exists. Four of the Plaintiffs continue to drive their vehicles, and the fifth does not allege that she was regularly unable to drive her vehicle before she replaced it. *See Greene I*, 2012 WL 5986461, at *5 (observing that plaintiff "was still able to drive his" vehicle "for more than one year"). While they disagree with the significance of this Court's observation, Opp. at 20-21, Plaintiffs do not dispute that simply restarting their vehicles makes the Infotainment system operable once more, Mot. at 29. In this way, Plaintiffs' alleged concern is similar to that in *Merkin v. Honda N. Am., Inc.*, where the court dismissed an implied warranty claim based on a supposed defect that required the owner "to turn the ignition repeatedly to start his vehicle[.]" No. 17-cv-03625 (PGS) (DEA), 2017 WL 5309623, at *5 (D.N.J. Nov. 13, 2017). By contrast, *In re Volkswagen*

---

[5] Plaintiffs attempt to distinguish *Williams* on the grounds that the alleged defect at issue was only an annoyance, Opp. at 20, but paragraph 3 of the Complaint in this case similarly described the alleged defect as merely "frustrating[.]" Mot. at 29. Plaintiffs do not dispute this.

8

*Timing Chain Prod. Liab. Litig.*, which Plaintiffs cite, involved an alleged defect that supposedly prevented the vehicles from operating *at all* until the purportedly defective part was replaced. No. CV 16-2765 (JLL), 2017 WL 1902160, at *15 (D.N.J. May 8, 2017).[6] The implied warranty claim should be dismissed.

## V. THE MAGNUSON-MOSS WARRANTY ACT ("MMWA") CLAIM ALSO FAILS.

Plaintiffs do not dispute that their MMWA claim depends on their express and implied warranty claims, Opp. at 21, and they have failed to state either claim. The MMWA claim also should be dismissed for failure to exhaust. Mot. at 30-31. Plaintiffs rely on cases from outside this District to argue that exhaustion is an affirmative defense that they need not plead around. Opp. at 21-22. Putting aside that it makes no sense to defer until discovery the question of whether a plaintiff complied with a *pre-suit* exhaustion requirement, a court from this District recently rejected this argument—when the same Plaintiffs' counsel raised it in reliance on the same case law—because plaintiffs' noncompliance was "clear from face of the" complaint. *Schechter v. Hyundai Motor Am.* ("*Schechter II*"), No. CV 18-13634 (FLW), 2020 WL 1528038, at *19 n.11 (D.N.J. Mar. 31, 2020). The same result is appropriate here because Plaintiffs allege futility in the First Amended Complaint and argue in their Opposition that futility excuses their noncompliance. FAC ¶ 149; Opp. at 22. Those allegations are simply implausible. Plaintiffs contend that JLRNA failed to repair or disclose the supposed defect. *Id.* But a court in this District found similar allegations insufficient to plead futility. *See Schechter v. Hyundai Motor Am.* ("*Schechter I*"), No. CV 18-13634 (FLW), 2019 WL 3416902, at *2, *15 (D.N.J. July 29,

---

[6] Plaintiffs also rely on dicta from *Zabriskie Chevrolet, Inc. v. Smith*, a case that is similarly distinguishable. 99 N.J. Super. 441, 444, 453 (Law. Div. 1968). *Smith* involved the opportunity to inspect a vehicle prior to acceptance, which in that case lasted only "minutes" before "the vehicle became almost completely inoperable by reason of mechanical failure." *Id.*

9

2019).  This makes good sense.  Allegations like Plaintiffs' about a company's administration of its warranty do not plausibly suggest that the company would not participate in good faith in the dispute resolution process it established.

Moreover, Plaintiffs insinuate that JLRNA is asking for binding arbitration.  Opp. at 22-23.  Not so.  JLRNA is seeking precisely what the MMWA contemplates—that the parties engage in nonbinding, dispute resolution before burdening a court with litigation.  Such engagement is required "before pursuing *any legal remedy under this section* respecting such warranty."  15 U.S.C. 2310(a)(3) (emphasis added).  The remedies at issue in this section of the MMWA relate to both express and implied warranties, and the failure to exhaust precludes Plaintiffs from pursuing either.  *See id.* § 2310(d)(1) (allowing a consumer to "bring suit" for breach of "written" or "implied warranty," subject to the MMWA's exhaustion requirement).

## VI.  THE UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs fail to acknowledge this Court's holding that "an indirect purchaser cannot succeed on a claim for unjust enrichment."  *Spera*, 2014 WL 1334256, at *9.  And *Pontrelli v. MonaVie, Inc.* does not compel a different result.  No. 13-CV-4649, 2014 WL 4105417, at *7 (D.N.J. Aug. 19, 2014).  There, defendants "retain[ed] financial benefits from consumers purchasing [defendant's] products."  *Id.*; *see also* Opp. at 25-26.  Here, any direct financial benefit to JLRNA was from the dealers, not Plaintiffs.  *See Webb v. Volvo Cars of N. Am., LLC*, No. CV 13-2394, 2018 WL 1470470, at *10 (E.D. Pa. Mar. 26, 2018) (insufficient that plaintiff conferred an indirect benefit by "promoting Volvo's brand, (2) contributing to the market for Volvo parts and service, and (3) inducing initial purchasers to buy Volvo" vehicles).  This Court has reached a similar conclusion.  *See Dimartino v. BMW of N. Am., LLC*, No. 15-8447 (WJM),

2016 WL 4260788, at *7 (D.N.J. Aug. 11, 2016) (Martini, J.) (dismissing where plaintiff purchased from a dealer but brought a claim against BMW of North America).[7]

Moreover, Plaintiffs are wrong that alternative pleading saves their claim. Opp. at 28. "[C]ourts have on numerous occasions dismissed under Rule 12(b)(6) unjust enrichment claims that relate to the same subject matter as valid contracts." *Premier Pork L.L.C. v. Westin, Inc.*, No. CIV.A. 07-1661, 2008 WL 724352, at *14 (D.N.J. Mar. 17, 2008). Here, there is no dispute that the Limited Warranty exists and relates to the same subject matter as Plaintiffs' claims—namely, repairs of alleged defects. It makes no difference that this warranty does not provide the specific *relief* Plaintiffs now seek. Where an automotive warranty exists, courts have dismissed unjust enrichment claims. Mot. at 32 (collecting cases). Plaintiffs address none of these cases.

## VII. THE GOOD FAITH CLAIM SHOULD BE DISMISSED.

Plaintiffs are conflating issues. Opp. at 23-24. While, as JLRNA has explained, an express warranty bars an unjust enrichment claim and is analyzed with contract claims for choice-of-law purposes, that does not mean Plaintiffs and JLRNA are parties to a contract that supports a good faith and fair dealing claim. This Court reached the same conclusion when it dismissed a good faith claim for lack of a contract—despite the existence of an express warranty. *Greene II,* 2013 WL 5287314, at *4; Mot. at 32-33. Plaintiffs also assert that JLRNA waived an argument by including it in a footnote. Opp. at 24-25. Not so. That footnote provided authority from other states related to JLRNA's above-the-line argument—namely, that Plaintiffs have not stated this claim, especially to the extent that it is based on vehicle sales and lease contracts to

---

[7] Confusingly, Plaintiffs argue both that unjust enrichment law does not vary from state to state, and also that New Jersey's direct-relationship requirement does not apply in other states. Opp. at 26-28. Plaintiffs cannot have it both ways. Either there is a conflict, in which case it is even more appropriate to engage in a choice-of-law analysis at this time, or there is not, and this Court's holdings in *Spera* and *Dimartino* should apply to all Plaintiffs' unjust enrichment claims.

11

which JLRNA was not a party and thus cannot have breached. Mot. at 33 n.20. Finally, while Plaintiffs assert that JLRNA acted in bad faith, Opp. at 24, their allegations undermine that assertion, as they plead that JLRNA was constantly striving to improve customer experience by issuing TSBs to troubleshoot concerns and offering owners and leases free updates and repairs.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed.

Dated:  June 8, 2021                                        Respectfully submitted,

                                                  By:  */s/ Stephen A. Loney, Jr.*
Stephen A. Loney, Jr.
Jessica K. Jacobs
HOGAN LOVELLS US LLP
1735 Market Street Floor 23
Philadelphia, PA 19103
Telephone:  (267) 675-4677
Facsimile:  (267) 675-4601
stephen.loney@hoganlovells.com
jessica.jacobs@hoganlovells.com

Michael L. Kidney (admitted *pro hac vice*)
James W. Clayton (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone:     (202) 637-5883
Facsimile:      (202) 637-5910

*Attorneys for Defendant Jaguar Land Rover North America, LLC*

12