UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAKE GEORGE, JOYCE FERFECKI, MIGUEL ORTIZ, STAURT JOLLY, and LASZLO VAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 2:20-cv-17561-WJM-MF<br><br>Hon. William J. Martini, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

## JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Response: The following attorneys intend to appear at the December 21, 2021 conference with Judge Kiel:

Frederick J. Klorczyk III
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

Joel D. Smith
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

*Attorneys for Plaintiffs*

Jessica K. Jacobs
HOGAN LOVELLS US LLP
1735 Market Street Floor 23
Philadelphia, PA 19103
Telephone: (267) 675-4677
Facsimile: (267) 675-4601

Michael L. Kidney (admitted *pro hac vice*)
James W. Clayton (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone:   (202) 637-5883
Facsimile:   (202) 637-5910

*Attorneys for Defendant Jaguar Land Rover North America, LLC*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

Response: This is a putative class action against Jaguar Land Rover North America, LLC ("JLRNA") on behalf of individuals who purchased or leased Land Rover or Jaguar vehicles equipped with the InControl Touch Pro and InControl Touch Pro Duo infotainment systems (collectively, "InControl systems"). Plaintiffs allege the InControl systems suffer from a defect affecting their functionality. Plaintiffs allege causes of action for alleged violations of various consumer protection statutes, breach of express warranty, breach of implied warranty, and violation of the Magnuson-Moss Warranty Act.

JLRNA denies Plaintiffs' allegations and all purported violations alleged in the operative complaint, and further denies that this action is appropriate for treatment as a class action.

3. Have settlement discussions taken place? Yes __X_____ No _____.

Response: As discussed further below in response to questions 9(c) and 14 below, the parties agree that this case is appropriate for early mediation with a private mediator and respectfully request that the Court refer this case to mediation and stay all other proceedings for a period of ninety (90) days pursuant to Local Civil Rule 301.1(e)(6). The parties have also conferred and have tentatively scheduled a mediation with Magistrate Judge Mark Falk (Ret.) on March 15, 2022.

    (a) What was plaintiffs' last demand?

        (1) Monetary demand: no such demand has been made yet.

        (2) Non-monetary demand: no such demand has been made yet.

    (b) What was defendant's last offer?

        (1) Monetary offer: no such offer has been made yet.

        (2) Non-monetary offer: no such offer has been made yet.

4. The parties [have ___X_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

Response: The parties participated in a Rule 26(f) conference on December 7, 2021.

5. The parties [have __X_____ have not _____ ] agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

Response: The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before December 20, 2021.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

Response: At this time, the parties are not aware of any problems related to the disclosures required by Fed R. Civ. P. 26(a)(1).

7. The parties [have ____X_____ have not_____] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

Response: Defendant and plaintiffs filed the required disclosures related to third-party litigation funding on August 5, 2021 and August 6, 2021, respectively. *See* Dkt. Nos. 22, 23.

8. The parties [have _____ have not ____X_____] conducted discovery other than the above disclosures. If so, describe.

Response:  The parties have not yet conducted discovery, other than agreeing to exchange the information required by Fed. R. Civ. P. 26(a)(1).  However, the parties have agreed to exchange, informally and prior to the mediation, certain information intended to facilitate the parties' negotiations of a potential resolution of this dispute.

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

Plaintiffs' Response: Plaintiffs intend to seek discovery concerning at least the following subjects:

- The number of class vehicles sold or leased in the United States, and certain information about class vehicles, such as MSRP, whether the InControl systems were standard or optional, and applicable vehicle codes.

- Documents and communications concerning the alleged defect at issue here, including potential causes of the defect and potential solutions, relevant TSBs, and relevant diagnostic trouble codes.

- Warranty claims or warranty data relating to complaints about the InControl systems, and any analyses of warranty claims, including Weibull analyses.

- Documents concerning Plaintiffs.

- All documents JLRNA intends to rely on to support any of its affirmative defenses.

- All conjoint studies done by or on behalf of JLRNA concerning the class vehicles.

- Documents sufficient to show dealer invoice prices by vehicle identification number for all class vehicles.

- Documents reflecting the use of price-elasticity of supply or the use of a supply curve for determining either the price of class vehicles or the quantity of class vehicles to produce and/or sell in the United States.

Defendant's Response: JLRNA intends to seek discovery concerning at least the following subjects:

4

- Any evidence supporting the allegations in the Second Amended Complaint.

- The nature of Plaintiffs' allegations that JLRNA misrepresented or failed to disclose the alleged defect or failed to honor JLRNA's warranty commitments with respect to that alleged defect.

- Plaintiffs' vehicle usage and driving history, including each instance when the vehicles' Infotainment systems did not function as Plaintiffs supposedly expected.

- Any communications sent by or on behalf of, received by, or involving Plaintiffs, including communications with JLRNA or any other entity or person, regarding Plaintiffs' vehicles.

- Plaintiffs' claim of damages and equitable relief and the basis thereof.

- Typicality and adequacy of Plaintiffs as class representatives.

- Evidence, if any, relating to the commonality, numerosity, and predominance of Plaintiffs' claims.

(b) Discovery [should ____X_____ should not _____] be conducted in phases or be limited to particular issues. Explain.

Response: The parties have conferred and propose that discovery be conducted in two phases, with (1) discovery on topics that relate to class certification occurring in phase one and (2) discovery on topics that relate solely to the merits occurring in phase two. The parties also agree that any party—in his, her, or its sole discretion—may elect to take fact discovery that relates solely to the merits in phase one.

  (c)  Proposed schedule:[1]

Response:  The parties have conferred and respectfully request that the Court enter the proposed schedule set forth below.  The deadlines in this proposed schedule are premised on the assumption that the Court will grant the parties' request to refer this case to private mediation at the upcoming December 21, 2021 conference, thereby triggering the stay of all proceedings under Local Civil Rule 301.1(e)(6).

  The parties' proposed schedule also includes briefing on Plaintiffs' anticipated motion for class certification.  The parties' proposed schedule deviates to some extent from the format of the Court's template discovery plan, which does not address putative class actions.  In particular, the parties propose in the schedule below that each side designate experts in connection with their respective briefs on class certification, followed by a period for expert depositions, and then the filing of reply papers.  The parties believe that the proposed sequencing and intervals afford the parties the reasonably necessary amount of time to designate experts, to depose the parties' experts, to receive the transcripts after those depositions are completed, and to brief the class certification motion.  In the parties' experience, this sequencing provides for the most orderly and efficient presentation of the evidence regarding certification.

  (1)  Fed. R. Civ. P. 26 Disclosures: December 20, 2021.

---

[1] If a scheduled deadline falls on a weekend or holiday, the deadline is extended to the next business day.

\\NY - 029018/000140 - 10397069 v7

(2) Expiration of the Stay of All Proceedings Pursuant to Local Civil Rule 301.1(e)(6):  March 21, 2022, or the first business day that is at least 90 days after the Court refers this case to mediation (whichever is later).

(3) Any motion to dismiss the Second Amended Complaint shall be filed by: April 12, 2022, or the first business day that is at least 22 days after the expiration of the stay of all proceedings (whichever is later).[2]

(3) E-Discovery conference pursuant to L. Civ. R. 26.1(d):  April 20, 2022, or the first business day that is at least 30 days after the expiration of the stay of all proceedings (whichever is later).

(4) Service of initial written discovery: May 20, 2022, or the first business day that is at least 60 days after the expiration of the stay of all proceedings (whichever is later).

(5) Maximum of 25 Interrogatories by each party to each other party.

(6) Maximum of one Rule 30(b)(6) and, absent good cause, five fact depositions to be taken by Plaintiffs and Defendants, respectively, excluding witnesses disclosed pursuant to Rule 26(a)(1)(A)(i) or third-party witnesses deposed via subpoena.

---

[2] The current deadline for Defendant to file an answer is the later of (i) thirty (30) days after Plaintiffs filed the Second Amended Complaint or (ii) thirty (30) days after the Court rules on any motion to dismiss the Second Amended Complaint.  See Dkt. No. 28.  Defendant intends to file a motion to dismiss the Second Amended Complaint, and this Court has granted Defendant's request to extend the deadline to file such a motion until January 12, 2022.  See Dkt. No. 34. Both the deadline to file an answer and the deadline to file any motion to dismiss would be subject to the stay of all proceedings contemplated by Local Civil Rule 301.1(e)(6), and the post-stay deadline for JLRNA to file any motion to dismiss the Second Amended Complaint would be April 12, 2022, or the first business day that is at least 22 days after the expiration of the stay of all proceedings (whichever is later).  (Twenty-two is the number of days between the December 21, 2021 conference, when the Court will address the request to refer this case to mediation, and the January 12, 2022 deadline.)

(7) Motions to amend or to add parties to be filed by: August 18, 2022, or the first business day that is at least 150 days after the expiration of the stay of all proceedings (whichever is later).

(8) Factual discovery on topics that relate to class certification to be completed by: February 14, 2023, or the first business day that is at least 330 days after the expiration of the stay of all proceedings (whichever is later).[3]

(9) Plaintiffs' motion for class certification, and their disclosures and reports of any experts Plaintiffs intends to rely on at class certification, due on: March 16, 2023, or the first business day that is at least 360 days after the expiration of the stay of all proceedings (whichever is later).

(10) Depositions of any experts Plaintiffs intend to rely on at class certification to be completed by: April 17, 2023, or the first business day that is at least 390 days after the expiration of the stay of all proceedings (whichever is later).

(11) Defendant's opposition to a motion for class certification, and its disclosures and reports of any experts Defendant intends to rely on at class certification, due on: July 14, 2023, or the first business day that is at least 480 days after the expiration of the stay of all proceedings (whichever is later).

(12) Depositions of any experts Defendant intends to rely on at class certification to be completed by: August 14, 2023, or the first business day

---

[3] This deadline is not applicable to fact discovery that relates solely to the merits, which can continue to (but does not have to) take place after any motion for class certification is decided.

that is at least 510 days after the expiration of the stay of all proceedings (whichever is later).

(13)   Plaintiffs' reply in support of their motion for class certification due on: September 12, 2023, or the first business day that is at least 540 days after the expiration of the stay of all proceedings (whichever is later).

(d)   Set forth any special discovery mechanism or procedure requested.

Response:  As discussed above, the parties propose that discovery be conducted in two phases, with (1) discovery on topics that relate to class certification occurring in phase one and (2) discovery on topics that relate solely to the merits occurring in phase two.  The parties also agree that any party—in his, her, or its sole discretion—may elect to take fact discovery that relates solely to the merits in phase one.

(e)   A pretrial conference may take place on N/A.

(f)   Trial date: N/A.

Response: The parties agree and respectfully submit that it is premature at this time to schedule a pretrial conference and trial date because (1) the expected length of any trial and (2) the nature of post-class certification merits discovery both depend upon whether or not a class is certified.

10.   Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes ___X__No_____.  If so, please explain.

Response: The parties anticipate that, due to the ongoing COVID-19 pandemic, they made need to take depositions using a secure web-based deposition option or video teleconferencing (VTC) services and with some or all of the parties, their counsel, the witnesses,

and the court reporter participating remotely.  The parties agree not to raise an objection to the taking of any deposition or the use of any transcript from such deposition on the grounds that the deposition was conducted remotely.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No __X\_\_\_\_\_.

<u>Response</u>: At this time, the parties do not anticipate any issues regarding the disclosure or discovery of electronically stored information.  If any issues do later arise, the parties are committed to work in good faith to resolve the matter before bringing the issue to the Court's attention.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

<u>Response</u>: The parties anticipate submitting a Discovery Confidentiality Order for the Court's approval.

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No __X\_\_\_\_\_.

<u>Response</u>: At this time, the parties do not anticipate any discovery problems not listed above.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

\\NY - 029018/000140 - 10397069 v7

Response:  As discussed above, the parties agree that this case should be referred to early mediation with Judge Falk (Ret.) pursuant to Local Civil Rule 301.1 and stayed for ninety (90) days from the date of referral pursuant to that same rule.

15.     Is this case appropriate for bifurcation? Yes _____X_____ No _____.

Response: As discussed above, the parties propose that discovery be bifurcated and conducted in two phases, with (1) discovery on topics that relate to class certification occurring in phase one and (2) discovery on topics that relate solely to the merits occurring in phase two. The parties also agree that any party—in his, her, or its sole discretion—may elect to take fact discovery that relates solely to the merits in phase one.

16.     An interim status/settlement conference (with clients in attendance), should be held after the August 14, 2023 close of expert discovery.

Response:  The parties have agreed to engage in early mediation of this case in a good faith effort to resolve this dispute.  In the event that those efforts are unsuccessful, the parties expect that it will be beneficial to engage in fact and expert discovery before continuing their efforts to resolve this dispute in a settlement conference.

17.     We [do _____ do not _____X_____] consent to the trial being conducted by a Magistrate Judge.

18.     Identify any other issues to address at the Rule 16 Scheduling Conference.

Response: At this time, the parties are not aware of any other issues that require this Court's attention.

Dated:  December 16, 2021

By: /s/Frederick J. Klorczyk III
Frederick J. Klorczyk III
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019

Michael L. Kidney (admitted *pro hac vice*)
James W. Clayton (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109

11

\\NY - 029018/000140 - 10397069 v7

| | |
|---|---|
| Telephone: (646) 837-7150<br>Facsimile: (212) 989-9163<br>Email: fklorczyk@bursor.com<br><br>Joel D. Smith<br>Bursor & Fisher, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, California 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>Email: jsmith@bursor.com<br><br>Nick Suciu (*pro hac vice motion forthcoming*)<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>6905 Telegraph Rd. Suite 115<br>Bloomfield Hills, MI 48301<br>Tel: (313) 303-3472<br>Email: nsuciu@milberg.com<br><br>*Attorneys for Plaintiffs* | Telephone:   (202) 637-5883<br>Facsimile:    (202) 637-5910<br><br>By: */s/Jessica K. Jacobs*<br>Stephen A. Loney, Jr.<br>Jessica K. Jacobs<br>HOGAN LOVELLS US LLP<br>1735 Market Street Floor 23<br>Philadelphia, PA 19103<br>Telephone:  (267) 675-4677<br>Facsimile:  (267) 675-4601<br>stephen.loney@hoganlovells.com<br>Jessica.jacobs@hoganlovells.com<br><br>*Attorneys for Defendant Jaguar Land Rover North America, LLC* |