# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAKE GEORGE, STUART JOLLY, and LASZLO VAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 2:20-cv-17561-ESK |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SETTING A HEARING ON FINAL APPROVAL**

WHEREAS, Plaintiffs Blake George, Stuart Jolly, and Laszlo Vas (hereinafter collectively "Named Plaintiffs" or "Class Representatives"), individually and as representatives of the Class defined below, and Defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA") (JLRNA together with the Named Plaintiffs hereinafter collectively the "Parties") have entered into a Settlement Agreement that was fully-executed on September 13, 2023, which if approved, would resolve this class action;

WHEREAS, the Named Plaintiffs have filed a motion for preliminary approval of the proposed Settlement, which JLRNA does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the proposed class notice (hereinafter the "Notice"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that such Notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

IT IS HEREBY ORDERED that:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. Pursuant to the Settlement Agreement, the Class has been defined as follows:

> All persons and entities that currently own or lease, as of the date that this Settlement receives Preliminary Approval, a Settlement Class Vehicle registered in the District of Columbia or one of the fifty (50) states of the United States except that the following are excluded: (i) any judge assigned to the *George* litigation, (ii) persons or entities, if any, who prior to the date of preliminary approval, settled with and released JLRNA or any Releasee from any of the released claims, (iii) financial institutions, and (iv) JLRNA.

3. The Court preliminarily certifies the proposed Class, for settlement purposes only, pursuant to Rule 23(b)(3). The Court also preliminarily approves the proposed Settlement, finding that the terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant dissemination of the Notice of the proposed Settlement. The Court finds that the Settlement Agreement contains no obvious deficiencies and that the Parties entered into the Settlement Agreement in good faith, following arm's-length negotiation between their respective counsel. The motion (**ECF No. 60**) is therefore **GRANTED**.

4. The Court appoints Bursor & Fisher, P.A. as settlement class counsel and Blake George, Stuart Jolly, and Laszlo Vas as class representatives. With the entry of this Order, Class Counsel have formed an attorney-client relationship and/or fiduciary relationship with Class Members, provided that nothing in this Order diminishes the right of Class Counsel to withdraw from their representation of a particular Class Member, where permitted by the Court.

5. The Court hereby approves the form and procedures for disseminating notice of the proposed Settlement as set forth in the Settlement Agreement. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice in full compliance with the requirements of applicable law.

6. For purposes of identifying current owners and lessees of Class Vehicles, R.L. Polk & Company and/or IHS Markit (or a similar vendor agreeable to the Parties) is hereby authorized to provide the names and most current addresses of such owners and lessees to JLRNA or its designee. Any governmental agency in possession of names or addresses of current Settlement Class Vehicle owners or lessees is hereby authorized and directed to release that information to R.L. Polk & Company and/or IHS Markit (or a similar vendor agreeable to the Parties) upon request.

7. As set forth in the Settlement Agreement, JLRNA shall bear all costs and expenses in connection with providing notice and administering the proposed Settlement.

8. If any person other than Class Counsel wishes to issue (a) notices to the Class other than the Notice or (b) other written communications to multiple Class Members with respect to the Settlement Agreement, any such person is encouraged to first submit them to the Court to reduce the risk of misleading or

confusing Class Members, provided that nothing shall be construed to obligate JLRNA to pay for the printing or mailing costs of any written communication to multiple Class Members other than the Notice, provided further that nothing herein shall be construed to restrict any communication between any Class Member and any counsel where an attorney-client relationship was formed prior to the date of this Order, provided further that this Order is not intended to prevent a Class Member from proactively seeking the advice of a third-party attorney regarding his or her rights in the context of this Litigation during the opt-out period.

9.  Any Class Member shall have the right to opt out of the Class and the Settlement by mailing a written request for exclusion to the address listed in the Notice postmarked no later than the deadline provided for such exclusion as set forth in the Notice. To be effective, the request for exclusion must: include the Class Member's name, address, telephone number, the Vehicle Identification Number (VIN) of the Class Member's Class Vehicle, and signature, and state the Class Member's desire to "opt out" or "be excluded from the Settlement" in "*George et al. v. Jaguar Land Rover North America, LLC*, D.N.J. Case No. 2:20-cv-17561-ESK." Any Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

10. Any Class Member who intends to object to final approval of the Settlement, the amount of attorneys' fees and expenses and/or any Class Representative incentive award must mail a letter, postmarked no later than the deadline provided for such objection as set forth in the Notice, to the Court as well as the Settlement Administrator listed in the Notice. The letter should state that the Class Member "objects" to the Settlement, attorneys' fees and expenses, and/or incentive awards in "*George et al. v. Jaguar Land Rover North America, LLC*, D.N.J. Case No. 2:20-cv-17561-ESK" and explain the legal and factual basis for that objection. Each objection must also include the Class Member's name; address; telephone number; the model, model year, and the Vehicle Identification Number of the Class Member's Class Vehicle; proof of ownership or lesseeship of the Class Vehicle; copies of any other documents the objector wishes to submit in support of the objection; and signature. In addition, any Class Member objecting to the final approval of the Settlement, attorneys' fees and expenses, and/or incentive awards shall provide a detailed list of any other objections, submitted by either the objector or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If neither the Class Member nor his/her/its counsel has objected to any other class action settlement in any court in the United States in the previous five years, he/she/it shall affirmatively so state in the written materials provided in

connection with the objection. Any Class Member who does not file an objection in complete accordance with the deadlines and other specifications set forth in the Notice and the Settlement Agreement will be deemed to have waived any such objection.

11. The submission of an objection shall permit Class Counsel or counsel for JLRNA to notice such objecting person for, and take, his/her/its deposition, consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the final approval hearing, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for an improper purpose. These procedures and requirements for objecting are intended to ensure the efficient objection to the Settlement Agreement, in accordance with the due process rights of all Class Members.

12. The Court will hold a final settlement approval hearing before the undersigned judge at the U.S. District Court, District of New Jersey, Frank R. Lautenberg U.S. Post Office & Courthouse Building, 2 Federal Square, Newark, NJ 07102. At the final settlement approval hearing, the Court will consider: (i)

whether the Settlement should be approved as fair, reasonable, and adequate for the Class; (ii) whether an order granting final approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses and the incentive awards should be granted.

13. Any objecting Class Member wishing to speak at the final settlement approval hearing must: (i) submit an objection in complete accordance with the deadlines and other requirements set forth in the Notice and the Settlement Agreement and (ii) concurrently with the submission of the objection, mail a letter to the Clerk of the Court as well as to the address of the Settlement Administrator listed in the Notice, postmarked no later than the deadline for such notice of intention to appear set forth in the Notice, stating the Class Member's desire to appear in person, or through Counsel, at the final settlement hearing. The letter should state that it is a "Notice of Intention to Appear in *George et al. v. Jaguar Land Rover North America, LLC*, D.N.J. Case No. 2:20-cv-17561-ESK." Such notice of intention to appear must include the Class Member's name; address; telephone number; the Vehicle Identification Number (VIN) of the Class Member's Class Vehicle; copies of any papers, exhibits, or other evidence and the identity of any witnesses that the Class Member intends to present to the Court in connection with the final settlement approval hearing; and signature. Any Class Member who does not state his/her/its intention to appear in complete accordance

8

with the deadlines and other requirements set forth in the Notice and the Settlement Agreement can be barred from speaking or otherwise presenting any views at the Court's final settlement approval hearing.

14. The following schedule shall govern the class action settlement proceedings:

a. The Settlement Administrator must cause individual notice, substantially in the form attached to the Settlement Agreement as Exhibit B, to be mailed by first-class mail to every Class Member who is reasonably ascertainable from an available R.L. Polk & Company and/or IHS Markit database (or a similar database from another vendor agreeable to the Parties), on or before ninety (90) days after this Order is entered on the docket. If an additional 30 days is reasonably necessary to obtain the information for providing notice, the Parties shall notify the Court and request a corresponding extension of the settlement deadlines listed below.

b. Class Members must mail any letter objecting to the proposed Settlement, attorneys' fees and expenses, and/or incentive awards postmarked on or before one-hundred twenty (120) days after this Order is entered on the docket.

c. Class Members must mail any letter electing to exclude themselves from the Class postmarked on or before one-hundred twenty (120) days after this Order is entered on the docket.

9

    d.    Class Members wishing to appear at the final settlement approval hearing must mail any letter stating their intent to appear postmarked on or before one-hundred twenty (120) days after this Order is entered on the docket.

    e.    Any motion(s) for final approval of the proposed Settlement, including any exhibits or attachments thereto, shall be filed on or before twenty-four (24) days before the final settlement approval hearing.

    f.    The final settlement approval hearing shall be held before Magistrate Judge Edward S. Kiel in the Frank R. Lautenberg U.S. Post Office & Courthouse on **WEDNESDAY, MAY 1, 2024, at 10:00 a.m.**

    g.    The dates contained in paragraphs (b), (c), (d), and (f) shall be included in the Notice mailed to Class Members. If any deadline below falls on a weekend or federal holiday, then such deadline shall extend to the next court day. Subject to approval of the Court, post-notice deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class.

    15.    Named Plaintiffs shall file, on or before sixteen (16) days before the objection deadline, a motion for attorneys' fees and expenses and for the issuance of incentive awards. Replies, if any, filed by Named Plaintiffs on the motion for attorneys' fees and expenses and/or the motion for final approval of the Settlement, shall be filed on or before fourteen (14) days before the final settlement approval hearing.

IT IS SO ORDERED.

DATED: __**October 20, 2023**__                              __*/s/ Edward S. Kiel*__
                                                                                                Hon. Edward S. Kiel
                                                                                                 United States Magistrate Judge